UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JON GLEASON and JAMES M.
DOVENBERG,

        Plaintiffs,                    Case No. 3:12-cv-01265-HA

    v.                                      OPINION AND ORDER

RICHARD CARTER, SR.; RICHARD
R.C. CARTER; and MARK CARTER; *dba*
*BIGHORN ADVENTURE OUTFITTERS*;

        Defendants.

---

HAGGERTY, District Judge:

      Plaintiffs filed suit in Clackamas County Circuit Court alleging claims for fraud, breach of contract, and unlawful trade practices stemming from an illegal elk hunt in Wyoming. Defendants timely removed to this court pursuant to 28 USC § 1441(a) on the basis that this court has original jurisdiction over this action under 28 USC § 1332. Defendants now advance motions to dismiss on the basis that this court lacks personal jurisdiction over Richard Carter Sr., that plaintiffs have failed to state a claim upon which relief can be granted, and in the alternative, requesting that venue be transferred to the District of Wyoming. For the following reasons, defendants' motions to dismiss [4 and 7] are granted.

OPINION AND ORDER -1

## STANDARDS

To survive a motion to dismiss under Federal Rule of Civil Procedure (FRCP) 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). When considering a motion to dismiss, the court must determine whether the plaintiff has made factual allegations that are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Dismissal under FRCP 12(b)(6) is proper only where there is no cognizable legal theory, or an absence of sufficient facts alleged to support a cognizable legal theory. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

The reviewing court must treat all facts alleged in the complaint as true and resolve all doubts in favor of the nonmoving party. *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1098 n.1 (9th Cir. 2009) (citation omitted). The court need not accept any legal conclusions set forth in a plaintiff's pleading. *Ashcroft*, 129 S. Ct. at 1949-50.

## FACTUAL BACKGROUND

Plaintiffs Jon Gleason and James Dovenberg were, at all relevant times, Oregon citizens. Defendants Richard Carter, Sr. and his sons Richard "R.C." and Mark Carter own a ranch in Ten Sleep, Wyoming. In October of 2006, plaintiffs, who are experienced hunters, traveled to Ten Sleep to engage in an elk hunt guided by defendants. Neither plaintiff had a Wyoming hunting license. Rather, plaintiffs contracted with defendants, doing business as Bighorn Adventure Outfitters, to hunt on defendants' property and utilize landowner elk tags defendants had been issued by the State of Wyoming. Under Wyoming law, it is unlawful to transfer landowner elk tags to another individual. Plaintiffs allege that they were unaware the transfer of landowner tags

was illegal at the time they participated in the hunt.

Defendants R.C. and Mark Carter guided plaintiffs on a hunt and Gleason killed a bull elk that was then tagged by defendants with a landowner tag. In February 2007, defendants R.C. and Mark Carter delivered the mounted elk head unlawfully killed by Gleason to plaintiffs at Dovenburg's ranch in Oregon. Plaintiffs were not the first Oregon residents to contract with defendants to participate in illegal hunting activities.

On December 14, 2011, Gleason pleaded guilty in the District of Wyoming to trafficking in illegal wildlife in violation of the Lacey Act, 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(2), a Class A misdemeanor. Gleason was fined $1,000.00 and ordered to pay $7,500.00 in restitution to the Wyoming Game and Fish Department. On December 21, 2011, Dovenberg pleaded guilty to aiding and abetting in the trafficking in illegal wildlife and was fined $12,000.00. In pleading guilty, both plaintiffs acknowledged that they should have known the manner in which the hunt was conducted was unlawful. Both plaintiffs' hunting privileges worldwide were suspended for a period of two years.

As a result of their involvement in the illegal hunting scheme operated on their ranch, each defendant pleaded guilty to at least one felony violation of the Lacey Act; conspiracy to traffic in illegally taken wildlife, 18 U.S.C. § 371, and 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(1)(B).

## DISCUSSION

Plaintiffs' Complaint asserts claims for breach of contract, fraud, and unlawful trade practices. Plaintiffs now withdraw their claims for unlawful trade practices. Plaintiffs seek to recover economic damages for the money paid to defendants, the losses suffered as a result of

OPINION AND ORDER -3

their criminal prosecutions, as well as compensation for the loss of their hunting privileges and the embarrassment and humiliation caused by their convictions. Defendant Richard Carter Sr. moves to dismiss for lack of personal jurisdiction, for failure to state a claim upon which relief can be granted, and in the alternative to transfer venue. Separately, R.C. and Mark Carter move to dismiss for failure to state a claim upon which relief can be granted and in the alternative to transfer venue.

1.     **Personal Jurisdiction**

Only Richard Carter, Sr. challenges this court's exercise of personal jurisdiction. Amongst other contacts with Oregon, his sons delivered the mounted elk head to plaintiffs in Oregon. Plaintiffs bear the burden of establishing that this court has personal jurisdiction over Richard Carter, Senior. *See Fireman's Fund Ins. Co. v. Nat'l Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996) (stating that the nonmoving party has the burden of establishing personal jurisdiction). However, plaintiffs need only make a prima facie showing of facts that support exercising jurisdiction over Richard Carter, Senior. *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1168 (9th Cir. 2006).

Personal jurisdiction over a non-resident defendant is tested under a two-prong analysis. The exercise of jurisdiction must: (1) satisfy the requirements of the long-arm statute of the state in which the district court sits; and (2) comport with the principles of federal due process. *Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995). Oregon Rule of Civil Procedure (ORCP) 4(B)-(K) provides specific bases for personal jurisdiction and subsection (L) extends jurisdiction to the limits of due process under the United States Constitution. *Nike, Inc. v. Spencer*, 707 P.2d 589, 591 (Or. Ct. App. 1985); ORCP 4.

OPINION AND ORDER -4

The Due Process Clause of the U.S. Constitution protects persons from being subject to the binding judgments of a forum with which they have "established no meaningful 'contacts, ties, or relations.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). Due process requires that a defendant have "minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (citing *Int'l Shoe Co.*, 326 U.S. at 316). "A court may exercise either general or specific jurisdiction over a nonresident defendant." *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (citation omitted).

For a defendant to be subject to general personal jurisdiction, the defendant must have such "continuous and systematic contacts with the forum that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995) (citation omitted). The standard for general jurisdiction is high, requiring that the contacts in the forum "approximate physical presence." *Tuazon*, 433 F.3d at 1169 (citation omitted). Unless the defendant can be deemed "present" within the forum for all purposes, general jurisdiction is not appropriate. *See Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). At oral argument, plaintiffs argued that this court has general personal jurisdiction over Richard Carter, Sr. as a result of the contacts that all three defendants, doing business as Bighorn Adventure Outfitters, had with Oregon. This is plainly not the case and will not be addressed further.

In contrast to general personal jurisdiction, specific jurisdiction exists where: (1) the defendant has performed some act or consummated some transaction within the forum or

OPINION AND ORDER - 5

otherwise purposefully availed itself of the privileges of conducting activities in the forum; (2) the claim arises out of, or results from, the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citation omitted). If a plaintiff meets the first and second elements of establishing specific personal jurisdiction, the burden shifts to the defendant to present a compelling case that the exercise of jurisdiction would be unreasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (citation omitted). However, if the plaintiff fails at the first step, then the jurisdictional inquiry ends and the defendant must be dismissed from the case. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

To establish the first prong (purposeful availment or direction) for specific jurisdiction, plaintiffs must make a prima facie showing that Richard Carter, Sr. performed some affirmative conduct within the forum state. *Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991) (citation omitted). In some cases, a foreign act aimed at the forum state can satisfy the first prong. For purposes of analysis, the court assumes without deciding that Richard Carter, Sr. formed a partnership with his sons in the operation of Bighorn Adventure Outfitters. Through his defense attorney on the criminal matter charged in the District of Wyoming, Richard Carter, Sr. admitted that he had allowed Bighorn Adventure Outfitters to operate on his ranch and that he "allowed the use of his landowner tags for out-of-state hunters who did not have tags." Ex. B to Pls.' Resp. at 20. He subdivided his ranch into 160 acre lots to maximize the number of landowner tags he and his sons could utilize and he knew hunters "were coming, that they were going to be from out-of-state, and essentially that the business was being conducted with the landowner tags." Ex. B to Pls.' Resp. at 20. Additionally, Bighorn Adventure Outfitters solicited

Oregon residents for guided hunts and numerous Oregon residents did in fact participate in illegal hunts guided by defendants. However, there are no facts that directly tie Richard Carter, Sr. to any conduct in Oregon, or to any particular interactions with plaintiffs. It does not appear that he guided any Oregon residents or that he was involved in Bighorn Adventure Outfitters' solicitation or advertising activities. At most, his landowner tags were used to tag elk shot by Oregon hunters, though there is no allegation that one of his tags was used on the elk at issue in this case.

It is clear Richard Carter, Sr. did not purposefully avail himself of conducting activities in Oregon as an individual. However, plaintiffs argue that he is subject to personal jurisdiction as a partner in Bighorn Adventure Outfitters. In *First Interstate Bank of Or. v. Tex-Ark Farms, Ltd.*, the Oregon Court of Appeals held that "[a]n agent of a partnership may, by its actions, subject the general partners to the jurisdiction of the states where the agent acts." 692 P.2d 678, 685 (Or. Ct. App. 1984). Pursuant to this theory, Richard Carter, Sr. may be haled into Oregon courts as a result of his sons' actions taken on behalf of Bighorn Adventure Outfitters. The purported holding in *Tex-Ark* is not binding on this court, however, and plaintiffs' reliance on *Tex-Ark* conflates partnership liability and personal jurisdiction. The Ninth Circuit's holding in *Sher v. Johnson*, is binding precedent that this court must follow. 911 F.2d 1357, 1365 (9th Cir. 1990). In *Sher*, a California[1] resident attempted to sue partners in a Florida law firm in California. The Ninth Circuit held that California courts had personal jurisdiction over the firm, but not individual partners. *Id.* In so holding, the Ninth Circuit drew a distinction between liability and

---

[1] California's long-arm statute, like Oregon's, is coextensive with the due process clause. *Sher*, 911 F.2d at 1361.

OPINION AND ORDER -7

jurisdiction noting that "[l]iability depends on the relationship between the plaintiff and the defendants and between the individual defendants; jurisdiction depends only upon each defendant's relationship with the forum." *Id.*; citing *Shaffer v. Heitner*, 433 U.S. 186, 204 n.19 (1977). To comport with constitutional standards "jurisdiction over each defendant must be established individually." *Id.* As this court does not have personal jurisdiction over Richard Carter, Sr. based on his individual relationship with Oregon, this court may not exercise jurisdiction over him as a partner in Bighorn Adventure Outfitters. Accordingly, Richard Carter, Sr. must be dismissed from this lawsuit. However, as discussed below, even if this court were to exercise jurisdiction over this defendant, the entire case must be dismissed for failing to state a claim upon which relief can be granted.

2.  **Fraud**

In their first claims for relief, plaintiffs bring suit under Oregon[2] common law for fraud/misrepresentation. To state a claim for fraud under Oregon law, a plaintiff must allege that: "the defendant made a material misrepresentation that was false; the defendant did so knowing that the representation was false; the defendant intended the plaintiff to rely on the misrepresentation; the plaintiff justifiably relied on the misrepresentation; and the plaintiff was damaged as a result of that reliance." *Strawn v. Farmers Ins. Co. of Oregon*, 258 P.3d 1199,

---

[2] The parties appear to agree that plaintiffs' claims should be analyzed under Oregon law as the forum law, or that it does not matter which state's law is applied for the purposes of the subject motions. Because the subject-matter jurisdiction underlying this case is based on diversity jurisdiction, this court must apply the substantive law of the forum state, in this case Oregon, including Oregon's choice of law rules. *Klaxon Co. V. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). However, the court agrees with the parties in noting that it does not matter which state's law is applied to plaintiffs' claims.

1209 (Or. 2011) (citing *Handy v. Beck*, 581 P.2d 68, 71 (Or. 1978)).[3]

The court will assume without deciding that plaintiffs could properly allege that defendants[4] made a material misrepresentation (that transfer of landowner elk tags is legal in Wyoming), that defendants knew this was false, that defendants intended plaintiffs to rely on the misrepresentation, and that plaintiffs were damaged as a result of that reliance. Assuming the above elements were or could be properly plead, plaintiffs' claim still fails as plaintiffs cannot allege justifiable reliance.

Plaintiffs pleaded guilty in federal court to knowing violations of the Lacey Act. 16 U.S.C. §§ 3372(a)(2)(A) and 3373(d)(2). Section 3373(d)(2) provides that:

> Any person who knowingly engages in conduct prohibited by any provision of this chapter . . . and in the exercise of due care should know that the fish or wildlife or plants were taken, possessed, transported, or sold in violation of, or in a manner unlawful under, any underlying law, treaty or regulation shall be fined not more than $10,000, or imprisoned for not more than one year, or both. Each violation shall be a separate offense and the offense shall be deemed to have been committed not only in the district where the violation first occurred, but also in any district in which the defendant may have taken or been in possession of the said fish or wildlife or plants.

Both plaintiffs, after being advised of their rights and apprised of the elements the government would need to prove beyond a reasonable doubt, admitted that they should have known their actions were unlawful. As a result of their guilty pleas, defendants are judicially estopped from

---

[3] In addition to the elements of fraud outlined above, a plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiffs have failed to meet Rule 9's particularity requirement. However, because this defect could be cured by amendment, and plaintiffs' claims for fraud have a separate incurable defect, the court will not address this issue further.

[4] The court will also not address questions regarding which defendant or defendants made representations to plaintiffs, as that issue is ultimately irrelevant.

OPINION AND ORDER - 9

now asserting that they justifiably believed that their actions were lawful. *Olenicoff v. UBS AG*, No. SACV 08-1029 AG, 2012 WL 1192911, at *10-11 (C.D. Cal. April 10, 2012). This court need not entertain the abundant evidence that plaintiffs knew or should have known their conduct was illegal, including their status as experienced hunters and their prior attempt to secure Wyoming elk tags, but need only look at their guilty pleas to conclude that plaintiffs are incapable of pleading justifiable reliance. Even if, as plaintiffs suggest, "other factors also can affect entry of a plea," those pleas constitute binding admissions this court cannot overlook. Pls.' Resp. at 11. It would be anathema to the interests of justice to allow plaintiffs "to say one thing to get leniency in a criminal court, and the exact opposite here to get money." *Olenicoff*, 2012 WL 1192911, at *11. The admission, in open court, that plaintiffs should have known their conduct was unlawful, is irreconcilable with an assertion that they justifiably relied on defendants' assertion that it was not. Plaintiffs' fraud claim must be dismissed.

### 3.    Breach of Contract

In their second claims for relief, plaintiffs allege that all defendants are in breach of contract. Dovenberg paid defendants $12,000.00 to guide plaintiffs on an elk hunt on defendants' property, and if successful, to utilize defendants' landowner elk tags.

To properly state a claim for breach of contract plaintiffs must allege: (1) the existence of a contract, (2) the relevant terms of the contract, (3) plaintiffs' full performance and lack of breach, and (4) defendants' breach resulting in damage to plaintiffs. *Slover v. Or. State Bd. of Clinical Social Workers*, 927 P.2d 1098, 1101-02 (Or. Ct. App. 1996).

This court will assume that plaintiffs have plead the existence of a contract, the relevant terms, the actual parties to the contract, plaintiffs' performance, and defendants' breach, though it

OPINION AND ORDER -10

is not at all clear plaintiffs have succeeded in doing so. Nevertheless, plaintiffs' claim for breach of contract fails. It is well established that a court cannot enforce, or provide relief from, an illegal contract. *Beers v. Beers*, 283 P.2d 666, 668-69 (Or. 1955). It is undeniable that the alleged contract between plaintiffs and defendants had an illegal purpose, namely the transfer of Wyoming landowner elk tags to out-of-state hunters and the transportation of illegally taken game across state lines. Plaintiffs argue that they were not aware the transfer of landowner tags was illegal at the time they entered the contract and, as such, the contract should be enforceable. Plaintiffs' assertion is belied by the fact, as discussed above, that they both pleaded guilty to knowing violations of the Lacey Act. 16 U.S.C. § 3373(d)(2). More importantly, plaintiffs cite no authority for the proposition that a court may enforce an illegal contract so long as one of the parties is unaware of its illegality. Plaintiffs' claims for breach of contract must also be dismissed.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss [4 and 7] are granted and this case is dismissed. Because amendment of plaintiffs' Complaint, in this venue or another, would be futile, this matter is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 25 day of September, 2012.

*Ancer L. Haggerty*
Ancer L. Haggerty
United States District Judge

OPINION AND ORDER -11